UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TREVOR J. DAVIS,

    Petitioner,

v.                                                    CASE NO. 8:12-cv-1633-T-23AEP

SECRETARY, Department of Corrections,

    Respondent.
_____/

## **O R D E R**

Davis applies for the writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1) and challenges the validity of his state conviction for robbery with a firearm, for which he serves life imprisonment as a habitual felony offender.  Numerous exhibits ("Respondent's Exhibit __") support the response. (Doc. 16)  The respondent correctly argues that the application is time-barred.  The state court record shows that Davis is entitled to neither tolling for his third motion for post-conviction relief nor equitable tolling of the limitation nor the manifest injustice exception to the limitation.  However, one claim survives this initial determination of untimeliness.

## **STATUTE OF LIMITATION**

The Anti-Terrorism and Effective Death Penalty Act creates a limitation for a Section 2254 application for the writ of habeas corpus.  "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in

custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." 28 U.S.C. § 2244(d)(1)(A). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Davis's conviction was final on February 6, 2001,[1] and the limitation expired one year later absent tolling for a state post-conviction proceeding. Davis let 225 days elapse before filing his first state Rule 3.850 motion for post-conviction relief on September 19, 2001. (Respondent's Exhibit 3) Tolling continued until December 28, 2006, when the mandate issued in 2D06-1233. (Respondent's Exhibit 24) The limitation remained tolled because, five months before the mandate issued in his first motion for post-conviction relief, Davis properly filed a second motion for post-conviction relief. (Respondent's Exhibit 25) The limitation remained tolled until June 26, 2009, when the mandate issued in 2D08-1590. (Respondent's Exhibit 37) Davis had 140 days remaining (365 - 225 = 140), which establishes the limitation deadline in December, 2009. Davis is not entitled to tolling for his third motion for

---

[1] Davis's direct appeal concluded on November 8, 2000. (Respondent's Exhibit 4) The conviction became final after ninety days, the time allowed for petitioning for the writ of *certiorari*. 28 U.S.C. § 2244(d)(1)(A). *See Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002), and *Jackson v. Sec'y, Dep't Corr.*, 292 F.3d 1347 (11th Cir. 2002).

post-conviction relief even though he began the proceeding before the deadline. Section 2244(d)(2) permits tolling only for a "properly filed application for state post-conviction or other collateral review . . . ."

Davis's third motion for post-conviction relief asserts a claim of newly discovered evidence. In 1999 a jury rejected Davis's alibi defense. In his third motion Davis alleges (1) that his trial counsel lied to him about counsel's inability to present the testimony of a certain potential alibi witnesses, (2) that in 2007 Davis's wife encountered the potential alibi witness and learned about counsel's deception, and (3) that this discovery qualifies as newly discovered evidence to overcome the state's two-year limitation. The state court conducted an evidentiary hearing and determined that the third motion for post-conviction relief was untimely because the evidence was not newly discovered (Respondent's Exhibit 56 at 140 - 43):

> In his Motion, Defendant alleges newly-discovered evidence of ineffective assistance of counsel for failure to call a witness. Specifically, Defendant contends that he informed counsel about an alibi witness, Lawrence Scrivens, whom he wanted to testify at trial, but that counsel mis[led] Defendant to believe that he could not call this witness due to a conflict of interest. More specifically, Defendant contends that counsel told Defendant that Scrivens was counsel's son's little league soccer coach and that counsel had represented Scrivens in a separate criminal case. Defendant contends that counsel told Defendant that if he insisted on Scrivens testifying, counsel would have to withdraw from representation. Defendant contends further that, in August of 2007, his wife encountered Scrivens at a gas station and learned that counsel never represented him in a criminal matter nor had counsel ever contacted Scrivens about Defendant's case. Defendant contends that this amounts to newly-discovered evidence, as he had had no contact with Scrivens for approximately nine years, had accepted as true

- 3 -

counsel's representation to Defendant about a conflict of interest, and could not have discovered counsel's advice to be false earlier through the exercise of due diligence. If called as a witness, Defendant contends, Scrivens would have testified that he was with Defendant from the evening of November 12, 1998, through approximately 9:00 a.m. to 9:15 a.m. on November 13, 1998, thereby supporting Defendant's alibi defense that he could not have committed the bank robbery occurring at 9:20 a.m. on November 13. . . . Defendant argues that this would have been a viable alibi defense, as he would not have had enough time after leaving Scrivens' home to change cars and commit the robbery at the time witnesses say it occurred. Had Scrivens testified at trial, Defendant contends, there is a reasonable probability the outcome of Defendant's trial would have been different.

For a defendant to obtain relief on a claim of newly-discovered evidence, the evidence (1) must qualify as "newly discovered," and (2) must be of such a nature that it would probably produce an acquittal on retrial. The failure to satisfy both these requirements will render the evidence not newly discovered, thereby making the allegation untimely.

To satisfy the first prong and be deemed newly discovered, "the evidence must have been unknown by the trial court, by the party, or by the counsel at the time of trial, and it must also appear that the defendant or his counsel could not have known about the evidence by exercising diligence." *Walker v. State*, 928 So. 2d 407, 409 (Fla. 3d DCA 2006). In *Walker*, the defendant alleged that his counsel was ineffective for failing to investigate properly, which would have led to the discovery of particular witnesses. The Third District explained that:

> The defendant has defeated his claim of newly discovered evidence by conceding that his attorney could have located these witnesses through diligent investigation at the time of trial. By definition, then, the evidence does not qualify as "newly discovered" for post-conviction purposes and the trial court was correct in denying the motion. *See Downs v. State*, 740 So. 2d 506 (Fla. 1999) (holding that evidence that the defendant knew about at the time of trial is "by definition" not "newly discovered").

> *Id.* The Court finds this rationale applicable in the present case. Defendant's assertion is that counsel knew about Scivens as an alibi witness but misadvised Defendant about his ability to call him as a witness. By Defendant's own allegation, this evidence – Scrivens as a potential alibi witness – had to have been known by counsel and Defendant at the time of trial. Defendant argues that he had no reason to doubt his lawyer's representation about the ability to call Scrivens as a witness until learning in 2007 that counsel's advice had been in error, rendering it newly-discovered as of 2007. Defendant's discovery of this evidence in 2007 was his wife bumping into this witness at a gas station and asking about it. This Court does not agree with Defendant's assertion that this could not have been discoverable through the exercise of due diligence in a timely manner. As such, this Court finds that this cannot satisfy this first prong of the analysis of allegedly newly-discovered evidence, and thus cannot qualify as "newly discovered" evidence.

In addition to finding that the evidence was discoverable, the post-conviction court also determined that the evidence "would not probably produce an acquittal on retrial" and held that "Defendant's allegation is untimely." (Respondent's Exhibit 56 at 143 and 144)

To qualify for tolling a state motion for post-conviction relief must comply with the state's filing requirements, specifically a filing deadline, as *Artuz v. Bennett*, 531 U.S. 4, 8 (2000), instructs:

> [A]n application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.

As a consequence, only an application timely-filed under state law tolls the federal one-year limitation. "When a post-conviction petition is untimely under state law,

- 5 -

'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) (brackets original) (quoting *Carey v. Saffold*, 536 U.S. 214, 226 (2002). *See also Allen v. Siebert*, 552 U.S. 3, 7 (2007) ("Because Siebert's petition for state post-conviction relief was rejected as untimely by the Alabama courts, it was not 'properly filed' under § 2244(d)(2). Accordingly, he was not entitled to tolling of AEDPA's 1-year statute of limitations."). *See Gorby v. McNeil*, 530 F.3d 1363, 1366 (11th Cir. 2008) (applying *Pace*), *cert. denied*, 566 U.S. 1109 (2009), and *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir.) ("We therefore conclude that the state court's holding that Webster's Rule 3.850 petition was time-barred is due deference."), *cert. denied*, 531 U.S. 991 (2000). Because Davis's third state Rule 3.850 motion for post-conviction relief was untimely and, as a consequence, failed to toll the federal limitation, Davis's limitation expired in December, 2009, as determined above.[2]

## Equitable Tolling

Davis asserts entitlement to equitable tolling. The statute of limitation is not jurisdictional, and, as a consequence, the one-year limitation established in Section

---

[2] Additionally, Davis's application is untimely – even allowing for tolling for the third motion for post-conviction relief – because he let more than one year elapse between his actual discovery of the evidence and his beginning this action. Davis represents that his wife discovered the evidence in July, 2007. The actual date in July is not disclosed. For purposes of this calculation, July 31, 2007, is assumed as the date of discovery and July 31, 2008, is assumed as the one-year deadline. Davis filed his third motion for post-conviction relief on July 9, 2008, leaving possibly twenty-one days of a new one-year limitation. The third post-conviction proceeding concluded on May 22, 2012, when the mandate issued in 2D11-898. (Respondent's Exhibit 61) This establishes June 12, 2008, as the deadline (May 22 + 21 days = June 12, 2012). Davis commenced this federal action on July 18, 2012.

2244(d) "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The petitioner must meet both requirements, and he controls the first requirement – due diligence – but not the second requirement – extraordinary circumstances. The failure to meet either requirement precludes equitable tolling. Regarding the first requirement, a "petitioner's lack of diligence precludes equity's operation," 544 U.S. at 419, but "[t]he diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.'" *Holland*, 560 U.S. at 653 (internal quotations and citations omitted). Regarding the second requirement, extraordinary circumstances must be both beyond the petitioner's control and unavoidable even with diligence. *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999).

Davis contends that his trial counsel's deception qualifies as an "extraordinary circumstance." To the contrary, in his argument for equitable tolling Davis admits that "[i]t is quite possible that counsel confused Scrivens with a Lawrence Scrivens he actually knew. There was a notation in trial counsel's file . . . which notes, 'Its [*sic*] not the Lawrence Scrivens that I know, Stevens' father.'" (Reply at 10, Doc. 21) This shows that counsel's alleged failure to contact the potential alibi witness was negligence. Attorney negligence is insufficient to qualify for equitable tolling.

*Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007). *See also Cadet v. Sec'y, Dep't of Corr.*, 742 F.3d 473, 481 (11th Cir. 2014) ("[W]e hold that attorney negligence, however gross or egregious, does not qualify as an "extraordinary circumstance" for purposes of equitable tolling; abandonment of the attorney-client relationship . . . is required."). As a consequence, Davis is not entitled to equitable tolling.

**Manifest Injustice or Actual Innocence**

"We hold that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations." *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). Davis bears the burden of proving that he did not commit the criminal offense for which he is imprisoned. Although decided before the AEDPA created a statute of limitation, *Herrera v. Collins*, 506 U.S. 390, 417 (1993), explains that, when attempting to show actual innocence, the petitioner's burden is "necessarily extraordinarily high."

> We may assume, for the sake of argument in deciding this case, that in a capital case a truly persuasive demonstration of "actual innocence" made after trial would render the execution of a defendant unconstitutional, and warrant federal habeas relief if there were no state avenue open to process such a claim. But because of the very disruptive effect that entertaining claims of actual innocence would have on the need for finality in capital cases, and the enormous burden that having to retry cases based on often stale evidence would place on the States, the threshold showing for such an assumed right would necessarily be extraordinarily high.

To prove his innocence Davis must present "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). *See Rozzelle v. Sec'y, Fla. Dep't of Corr.*, 672 F.3d 1000, 1010-11 (11th Cir.) (applying the *Schlup* standard to a claim of actual innocence to overcome a time bar), *cert. denied*, 133 S. Ct. 351 (2012). The new "evidence of innocence [must be] so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Perkins*, 133 S. Ct. at 1936. The new evidence must show "that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt . . . ." *House v. Bell*, 547 U.S. 518, 538 (2006).

The post-conviction court determined that Scrivens's testimony would not probably produce an acquittal on retrial (Respondent's Exhibit 56 at 143-44) (references to trial transcript omitted):

> Even if this did qualify as newly discovered, however, this Court finds that Defendant's claim would still fail because it finds that Scrivens' testimony would not probably produce an acquittal on retrial. At trial, the State argued that Defendant and co-defendant Marshall Porter, in a white vehicle, robbed Bank Atlantic around 9:20 a.m. Both defendants were identified as the perpetrators of the robbery. Defendant presented an alibi witness, Jamie Williams, who testified that Defendant picked her up that same morning between 9:30 a.m. and 9:35 a.m. in a red vehicle. The State argued that either Williams was untruthful, and not credible based on her relationship with Defendant, or that she was incorrect about the time that Defendant picked her up, and that Defendant had sufficient time to commit the offense, change cars, and pick up

>Williams. Defendant contends that the addition of Scrivens' testimony would have supported his alibi defense, as Scrivens would have testified that Defendant left Scrivens' home between 9:00 a.m. and 9:15 a.m. in a red vehicle, thereby narrowing the window of time in which Defendant would have had to commit the offense – one he argues could not have been committed the way the State argues it was during such a narrow time period. Specifically, Defendant contends that he could not have left Scrivens' home between 9:00 a.m. and 9:15 a.m. in a red car, changed cars and gotten into a white vehicle with Porter, robbed a bank around 9:20 am., changed cars again and left Porter, then picked up Williams in a red car between 9:30 a.m. and 9:35 a.m.
>
>For an allegation concerning a failure to call a witness at trial, a defendant must demonstrate at the evidentiary hearing supporting evidence from the witness he claims should have been called. At Defendant's evidentiary hearing, Scrivens testified that he was out with Defendant on the evening of November 12, 1998, and into the early morning hours of November 13, 1998. Specifically, Scrivens testified that he and Defendant were out at a club until approximately 3:00 a.m. on November 13, 1998, at which time they went to a gyro shop, then went to Scrivens' home to sleep. Scrivens then testified that Defendant left his home between 9:00 a.m. and 9:15 a.m. on November 13, 1998, in a red vehicle. He then clarified, however, that he did not have personal knowledge of the time that Defendant left his home, but rather had been told by his children's mother, who was living at the home, that he had left around that time.
>
>After extensive review of the evidence against Defendant at trial and in reviewing Scrivens' testimony in context with the other trial evidence, this Court finds that Scrivens' testimony is not of such a nature that would have probably resulted in Defendant's acquittal. As this Court has found that this allegedly newly-discovered evidence is neither "newly discovered" nor is it evidence that would probably produce an acquittal on retrial, it cannot be deemed "newly discovered evidence."

Simarily, Davis's new evidence fails to show "that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a

- 10 -

reasonable doubt . . . ." House, 547 U.S. at 538. Scrivens's testimony was cumulative to the alibi testimony that was presented to the jury.

## GROUND EIGHT

Davis fails to meet his burden of proving entitlement to a review of his time-barred claims. However, as Davis asserts in a footnote (Reply at 10, Doc. 21), one claim remains. Ground eight alleges that trial counsel was ineffective for failing to advise Davis about a plea offer. Apparently Davis discovered this claim while the third motion for post-conviction relief was pending. He presented this claim in a supplement to the third motion for post-conviction relief as newly discovered evidence. Unlike the claim involving the alibi testimony of Scrivens, the post-conviction court rejected this claim on the merits, not as untimely. "[D]efendant has failed to meet his burden for relief on an allegation of ineffective assistance of counsel for failure to convey a plea offer." (Respondent's Exhibit 56 at 145-47) This claim is subject to review separately from the claims that this order determines are time-barred. "[T]he statute of limitations in AEDPA applies on a claim-by-claim basis in a multiple trigger date case." *Zack v. Tucker*, 704 F.3d 917 (11th Cir.) (*en banc*), *cert. denied*, 134 S. Ct. 156 (2013) (*overruling Walker v. Crosby*, 341 F.3d 1240 (11th Cir. 2003)). The response does not address this claim. *See Clisby v. Jones*, 960 F.2d 925, 936 (11th Cir. 1992), *cert. denied*, 513 U.S. 1162 (1995) ("[T]he district courts [must] resolve all claims for relief raised in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (1988), regardless whether habeas relief is granted or denied.").

The current record fails to disclose whether Davis presents this claim within one year of discovery as authorized under Section 2244(d)(1)(D).

Accordingly, the motion to dismiss (Doc. 16) is **GRANTED** to the extent that all claims except ground eight are **DISMISSED** as time-barred.  Davis's motion for clarification (Doc. 25) and for expedited ruling (Doc. 26) are **DENIED** as moot.  On or before **MONDAY, DECEMBER 1, 2014**, the respondent must address ground eight.  On or before **MONDAY, JANUARY 5, 2015**, (or within thirty days after the respondent complies with this order, whichever occurs later) Davis may reply.

ORDERED in Tampa, Florida, on October 3, 2014.

*[signature]*

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE