UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TREVOR J. DAVIS,

    Applicant,

v.                                                    CASE NO. 8:12-cv-1633-T-23AEP

SECRETARY, Department of Corrections,

    Respondent.
_____/

## **O R D E R**

Davis applies under 28 U.S.C. § 2254 for the writ of habeas corpus (Doc. 1) and challenges his conviction for robbery with a firearm, for which he serves life imprisonment as a habitual felony offender. This action was administratively closed to allow the respondent to supplement the record. Later, Davis was allowed to amend his application to include another ground. The action is now fully briefed. Davis moves for leave to amend a second time, for the appointment of counsel, for discovery, and for a decision in his action. (Docs. 53–57) As determined below, Davis is entitled to relief under neither the motions nor Section 2254.

## **I. INTRODUCTION**

An earlier order (Doc. 27) determines (1) that all grounds for relief except ground eight are time-barred, (2) that Davis is not entitled to equitable tolling, and (3) that Davis shows entitlement to neither the "manifest injustice" nor the "actual

innocence" exception to the limitation. This action was administratively closed and later re-opened (Docs. 32 and 38) to supplement the record on ground eight.

The respondent interpreted ground eight to allege two claims of ineffective assistance of counsel, specifically, that counsel rendered ineffective assistance (1) by failing to adequately explain to Davis that the state's offer to plead guilty (with a sentencing cap of fifteen years) was a "global resolution"of all charges and (2) by erroneously advising Davis that he did not qualify for a sentence as a habitual felony offender. The respondent argues that the "global resolution" issue lacks merit and the habitual offender issue is unexhausted. (Doc. 33) Based on the supplemented record, Davis admits that the habitual offender issue is unexhausted, withdraws the habitual offender issue as a separate claim, and states that ground eight asserts only one claim of ineffective assistance of counsel based on the "global resolution" issue. (Doc. 36 at 1–4 and n.1 at 4) Specifically, Davis states, "There is only one claim and the misadvice about [habitual offender] qualification is in support of that one ineffective assistance claim for failing to properly convey a plea offer." (Doc. 36 at 4)

An earlier order (Doc. 48) permits Davis to add another claim based on his discovery that a trial witness had a prior juvenile adjudication. Davis alleges that trial counsel was ineffective for not discovering the prior conviction. The parties briefed the additional issue. (Docs. 51 and 52) This action is ready for a decision on

the "global resolution" issue in ground eight and the prior juvenile adjudication issue in the additional ground for relief.

## II. BACKGROUND

Davis and several others were charged with armed robbery. Davis rejected a pre-trial offer from the prosecution for a fifteen-year plea bargain. Later the state court judge "under-cut" the prosecution's offer and extended to Davis a twelve-year deal. Davis rejected both offers and insisted that he would plead guilty only if offered a suspended sentence and probation. Two of the co-defendants pleaded guilty and testified against Davis at trial. Although the video from a surveillance camera was of poor quality, Davis's girlfriend and the co-defendants identified Davis from the video. Davis was found guilty and sentenced to life imprisonment as a habitual felony offender.

Davis unsuccessfully challenged his conviction and sentence both on direct appeal and in post-conviction proceedings. During the third post-conviction proceeding, Davis discovered that the offered plea bargain was for a "global resolution" of all of his outstanding charges.[1] Davis alleges that trial counsel rendered ineffective assistance by not adequately explaining that the plea offer would resolve all pending charges and not just the armed robbery.[2]

---

[1] The "global resolution" is the subject of ground eight. An earlier order (Doc. 27) determines that ground eight is timely in this federal action because the state court considered the claim as newly discovered evidence and denied the claim on the merits while simultaneously rejecting other claims as untimely.

[2] Trial counsel was defending Davis in five separate felony prosecutions.

In 2014 Davis befriended a fellow inmate and discovered that they were from the same town and knew some of the same people. The inmate revealed that he was in juvenile detention with Davis's co-defendant, Donte Dix, who had testified against Davis, and that Dix had felony convictions.

### III. STANDARD OF REVIEW

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs this proceeding. *Wilcox v. Florida Dep't of Corr.*, 158 F.3d 1209, 1210 (11th Cir. 1998), *cert. denied*, 531 U.S. 840 (2000). Section 2254(d), which creates a highly deferential standard for federal court review of a state court adjudication, states in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In *Williams v. Taylor*, 529 U.S. 362, 412–13 (2000), the Supreme Court interpreted this deferential standard:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1), the writ may issue only

> if one of the following two conditions is satisfied — the state-court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal Law, as determined by the Supreme Court of the United States" or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

"The focus . . . is on whether the state court's application of clearly established federal law is objectively unreasonable, . . . an unreasonable application is different from an incorrect one." *Bell v. Cone*, 535 U.S. 685, 693 (2002). "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 131 S. Ct. 770, 786–87 (2011). *See White v. Woodall*, 134 S. Ct. 1697, 1706–07 (2014) ("The critical point is that relief is available under § 2254(d)(1)'s unreasonable-application clause if, and only if, it is so obvious that a clearly established rule applies to a given set of facts that there could be no 'fairminded disagreement' on the question . . . .") (citing *Richter*); *Woods v. Donald*, 135 S. Ct. 1372, 1376 (2015) ("And an 'unreasonable application of' those holdings must be objectively unreasonable, not merely wrong; even clear error will not suffice.") (citing *Woodall*, 134 S. Ct. at 1702).

*Accord Brown v. Head*, 272 F.3d 1308, 1313 (11th Cir. 2001) ("It is the objective reasonableness, not the correctness *per se*, of the state court decision that we are to decide."). The phrase "clearly established Federal law" encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. at 412.

The purpose of federal review is not to re-try the state case. "The [AEDPA] modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. at 694. A federal court must afford due deference to a state court's decision. "AEDPA prevents defendants — and federal courts — from using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts." *Renico v. Lett*, 559 U.S. 766, 779 (2010). *See also Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011) ("This is a 'difficult to meet,' . . . and 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt' . . . .") (citations omitted).

In a *per curiam* decision without a written opinion the state appellate court on direct appeal affirmed Davis's convictions and sentence. (Respondent's Exhibit 4) After affirming the denial of earlier motions for post-conviction relief, the state appellate court affirmed the denial of (1) Davis's third motion for post-conviction relief — the proceeding that involves "global resolution" — in another *per curiam*

decision without a written opinion in 2D11-898 (Respondent's Exhibit 60) and (2) Davis's successive motion for post-conviction relief — the proceeding that involves the undisclosed prior juvenile adjudication — in another *per curiam* decision without a written opinion in 2D14-4785. The state appellate court's *per curiam* affirmances warrant deference under Section 2254(d)(1) because "the summary nature of a state court's decision does not lessen the deference that it is due." *Wright v. Moore*, 278 F.3d 1245, 1254 (11th Cir.), *reh'g and reh'g en banc denied*, 278 F.3d 1245 (2002), *cert. denied sub nom Wright v. Crosby*, 538 U.S. 906 (2003). *See also Richter*, 131 S. Ct. at 784–85 ("When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary."), and *Bishop v. Warden*, 726 F. 3d 1243, 1255–56 (11th Cir. 2013) (describing the difference between an "opinion" or "analysis" and a "decision" or "ruling" and explaining that deference is accorded the state court's "decision" or "ruling" even if there is no "opinion" or "analysis").

As *Pinholster*, 131 S. Ct. at 1398, explains, review of the state court decision is limited to the record that was before the state court:

> We now hold that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. Section 2254(d)(1) refers, in the past tense, to a state-court adjudication that "resulted in" a decision that was contrary to, or "involved" an unreasonable application of, established law. This backward-looking language requires an examination of the state-court decision at the time it was made. It follows that the record under review is limited to the record in

existence at that same time, i.e., the record before the state court.

Davis bears the burden of overcoming by clear and convincing evidence the state court's factual determination. "[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). This presumption of correctness applies to a finding of fact but not to a mixed determination of law and fact. *Parker v. Head*, 244 F.3d 831, 836 (11th Cir.), *cert. denied*, 534 U.S. 1046 (2001). The state court's rejection of Davis's post-conviction claims warrants deference in this case. (Orders Denying Motion for Post-Conviction Relief, Respondent's Exhibits 69 and 74) Davis asserts the same ineffective assistance of counsel claims in his federal application.

## IV. INEFFECTIVE ASSISTANCE OF COUNSEL

Davis claims ineffective assistance of counsel, a difficult claim to sustain. "[T]he cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Waters v. Thomas*, 46 F.3d 1506, 1511 (11th Cir. 1995) (*en banc*) (*quoting Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994)). *Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998), explains that *Strickland v. Washington*, 466 U.S. 668 (1984), governs an ineffective assistance of counsel claim:

> The law regarding ineffective assistance of counsel claims is well settled and well documented. In *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the Supreme Court set forth a two-part test for analyzing ineffective

> assistance of counsel claims. According to *Strickland*, first, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. *Strickland*, 466 U.S. at 687, 104 S. Ct. 2052.

*Strickland* requires proof of both deficient performance and consequent prejudice. *Strickland*, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); *Sims*, 155 F.3d at 1305 ("When applying *Strickland*, we are free to dispose of ineffectiveness claims on either of its two grounds."). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." 466 U.S. at 690. *Strickland* requires that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." 466 U.S. at 690.

Davis must demonstrate that counsel's alleged error prejudiced the defense because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." 466 U.S. at 691–92. To meet this burden, Davis must show "a

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." 466 U.S. at 694.

Under 28 U.S.C. § 2254(d) Davis must prove that the state court's decision was "(1) . . . contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or (2) . . . based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Sustaining a claim of ineffective assistance of counsel is very difficult because "[t]he standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Richter*, 131 S. Ct. at 788. *See also Pinholster*, 131 S. Ct. at 1410 (An applicant must overcome this "'doubly deferential' standard of *Strickland* and the AEDPA."), *Johnson v. Sec'y, Dep't of Corr.*, 643 F.3d 907, 911 (11th Cir. 2011) ("Double deference is doubly difficult for a petitioner to overcome, and it will be a rare case in which an ineffective assistance of counsel claim that was denied on the merits in state court is found to merit relief in a federal habeas proceeding."), and *Pooler v. Sec'y, Dep't of Corr.*, 702 F.3d 1252, 1270 (11th Cir. 2012) ("Because we must view Pooler's ineffective counsel claim — which is governed by the deferential *Strickland* test — through the lens of AEDPA deference, the resulting standard of review is "doubly deferential."), *cert. denied*, 134 S. Ct. 191 (2013).

Although the state court's order omits (Doc. 69) citing *Strickland* as the standard for an ineffective assistance of counsel claim, no explicit citation is required. A state court need not cite Supreme Court precedent (or even be aware of it) if the decision is consistent with the precedent. *Early v. Packer*, 537 U.S. 3, 8 (2002); *Parker v. Sec'y of Dep't of Corr.*, 331 F.3d 764, 775–86 (11th Cir. 2003). In Florida, *Strickland* governs an ineffective assistance of counsel claim. *Walls v. State*, 926 So. 2d 1156 (Fla. 2006). The state post-conviction court analyzed Davis's ineffective assistance of counsel claims consistent with *Strickland* — not contrary to *Strickland* — by requiring proof of both deficient performance and prejudice. Consequently, Davis must show that the state court's ruling was either an unreasonable application of *Strickland*'s principle or an unreasonable determination of the facts. The presumption of correctness and the highly deferential standard of review requires that the analysis of each claim begin with the state court's analysis.

## V. "GLOBAL RESOLUTION"

The remaining claim in ground eight is Davis's allegation that trial counsel rendered ineffective assistance by failing to adequately explain to him that the state's offer to plead guilty in exchange for a sentence of no more than fifteen years was a "global resolution" of all five pending felony charges. The state post-conviction court rejected this claim after finding that Davis could not show prejudice because Davis would have rejected a "global resolution" offer (Respondent's Exhibit 69 at 145–47):

> In his Supplemental Motion, Defendant alleges ineffective assistance of counsel for failure to convey a plea offer. Specifically, Defendant contends that, through discovery on his

Motions for Post-Conviction Relief and in preparation for the August 10 and 11, 2010, evidentiary hearing, Defendant learned that the State had made "a global resolution" offer of fifteen (15) years' prison to resolve all Defendant's outstanding cases. Had counsel conveyed this offer, Defendant contends, Defendant would have accepted it, resulting in a significantly reduced sentence than the life sentence he received upon conviction at trial. Defendant argues, therefore, that counsel's failure to convey this offer prejudiced Defendant.

The Court notes that a defendant may allege in a post-conviction motion newly discovered evidence of ineffective assistance of counsel for failure to convey a plea offer. *See Gallant v. State*, 898 So. 2d 1156 (Fla. 2d DCA 2005). Such a claim requires that the defendant must allege, then demonstrate, "(1) that counsel failed to communicate a plea offer; (2) that the defendant would have accepted the plea offer but for the inadequate communications; and (3) that acceptance of the plea offer would have resulted in a lesser sentence." *Id.* at 1157.[3] Accepting Defendant's allegation as true, the third prong of these requirements is met, as Defendant's acceptance of a fifteen (15) year offer would have resulted in a lesser sentence than the life sentence he is now serving. That third prong aside, even assuming the State had made this offer and counsel failed to convey it to Defendant (satisfying the first prong), in rendering its ruling, the Court focuses on the analysis of the second prong — whether Defendant would have accepted this offer.

> [3] Although an evidentiary hearing is typically warranted when such a facially sufficient allegation is made, because the current record refutes Defendant's allegation — as this Order outlines — an evidentiary hearing is unnecessary.

In his Motion, Defendant alleges he would have accepted an offer of fifteen (15) years' prison had counsel conveyed such an offer to him. The Court notes, however, that the record refutes this claim. Specifically, extensive review of the record reflects numerous references to the fact that Defendant would not enter a plea for a prison sentence, and would entertain offers only for suspended sentences in which he was released on probation. Specifically, the Court notes four separate letters in the record from Defendant to counsel in the two months before trial in which Defendant states unequivocally that he will not accept an offer for a prison sentence, stating "No prison deals," "I will

take no deals unless it's probation," "I just can't go back to prison . . . I would take twenty years probation," "I'll take 15–20 yrs suspended sentence with house arrest and probation. I just need to get out." (See Defendant's Letters to Counsel, from Defense Exhibit # 3, attached). Additionally, after review of the record, the Court believes that Defendant's claim that there was an offer of fifteen (15) years' prison is based on counsel's one mention of such in his notes. Specifically, among counsel's several pages of notes indicating dates and the activity in Defendant's case associated with those dates, one page provides the following:

> 4/30/99 . . . KS calculated guidelines and offered 15 years FSP as an [habitual offender].

(See Counsel's Notes, from Defense Exhibit #3, attached). The Court believes it likely this note is indicating that Kim Seace ("KS"), the prosecutor in Defendant's case, had made an offer of fifteen (15) years' Florida State Prison ("FSP") as a habitual felony offender ("HFO"). However, if the Court is to take this note as evidence that this offer existed, as Defendant intends the Court to do, it must also accept as true counsel's note on the very same page, indicating that Defendant remained uninterested in any prison deals:

> 5/6/99 . . . Ct. undercut State to offer 12, ∆ not interested.

(See Counsel's Notes, from Defense Exhibit #3, attached). The Court believes it likely this note is indicating that the trial court then undercut the State's offer to offer a twelve year sentence, but Defendant was not interested. The Court finds that the record — indicating Defendant's adamant position that he would accept no prison offers and counsel's notation that Defendant was not interested in a sentence for less than what he now states he would have accepted — refutes Defendant's allegation that he would have accepted this plea but for counsel's failure to convey it. As the record refutes that Defendant would have accepted this plea but for counsel's alleged deficiency, Defendant has failed to meet his burden for relief on an allegation of ineffective assistance of counsel for failure to convey a plea offer. *See Gallant v. State*, 898 So. 2d at 1157. As such, Defendant warrants no relief on this allegation, and his Supplemental Motion for Post-Conviction Relief must be denied.

The state court (1) found that Davis would not have accepted a "global resolution" plea bargain and (2) determined that Davis could not show that he was prejudiced by defense counsel's alleged deficient performance. Davis fails to show that the state court's decision — although not citing *Strickland* — is an unreasonable application of *Strickland*. To the contrary, the state court's decision is consistent with controlling Supreme Court decisions that apply *Strickland's* principles to plea bargains.

"[D]efense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Missouri v. Frye*, 132 S. Ct. 1399, 1408 (2012). Counsel has the "critical obligation . . . to advise the client of 'the advantages and disadvantages of a plea agreement.'" *Padilla v. Kentucky*, 559 U.S. 356, 370 (2010) (quoting *Libretti v. United States,* 516 U.S. 29, 50–51 (1995)). To meet *Strickland's* prejudice requirement — whether "the result of the proceeding would have been different," 466 U.S., at 694 — in an action in which the defendant lost a plea bargain, the focus is whether the petitioner "would have accepted the offer to plead pursuant to the terms earlier proposed." *Frye*, 132 S. Ct. at 1410. The state court found that Davis was adamant about not accepting a plea bargain that included imprisonment, a factual determination entitled to a presumption of correctness absent clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## VI. PRIOR JUVENILE ADJUDICATIONS

Davis alleges that in 2014 a fellow inmate revealed that he and the testifying co-defendant, Donte Dix, were imprisoned together as juveniles. Davis represents that he did not know that Dix had prior convictions, which fact counsel could have used to impeach the witness. Davis presented this issue to the state court in two parts, first that the prosecutor's failure to disclose Dix's prior convictions violated *Brady v. Maryland*, 373 U.S. 83 (1963), and second that trial counsel was ineffective for not discovering the existence of Dix's prior convictions.[3] The post-conviction court denied the *Brady* claim but, as Davis correctly argues, the post-conviction court failed to address the ineffective assistance of counsel component of the claim. As addressed in the earlier order (Doc. 48 at 4), the post-conviction court's omission is not detrimental to Davis. *See Smith v. Digmon*, 434 U.S. 332, 333 (1978) ("It is too obvious to merit extended discussion that whether the exhaustion requirement of 28 U.S.C. §§ 2254(b) has been satisfied cannot turn upon whether a state appellate court chooses to ignore in its opinion a federal constitutional claim squarely raised in petitioner's brief in the state court, and, indeed, in this case, vigorously opposed in the State's brief."). As directed in the earlier order (Doc. 48), the parties have addressed the merits of the ineffective assistance of counsel claim. (Docs. 51 and 52)

Davis alleges that counsel was ineffective for not discovering Dix's juvenile felony adjudication, which Davis contends that, under *Davis v. Alaska*, 415 U.S. 308

---

[3] The earlier order (Doc. 48 at 4) dismissed as untimely the *Brady* claim.

(1974), counsel could have used to impeach Dix on cross-examination. Davis misunderstands *Davis* and fails to understand that a juvenile adjudication is not treated the same as an adult conviction.

The respondent correctly argues that state law would have precluded trial counsel from impeaching Dix with the juvenile adjudication. Section 90.610(b), Florida Statutes, provides that "[e]vidence of juvenile adjudications [is] inadmissible" for general impeachment purposes. This preclusion is supported by, not undermined by, *Davis*, 415 U.S. at 316 (italics added):

> One way of discrediting the witness is to introduce evidence of a prior criminal conviction of that witness. By so doing the cross-examiner intends to afford the jury a basis to infer that the witness' character is such that he would be less likely than the average trustworthy citizen to be truthful in his testimony. The introduction of evidence of a prior crime is thus a *general attack* on the credibility of the witness.

Davis posits that counsel could have used the juvenile adjudications to impeach Dix, which would have alerted the jurors that Dix was a convicted felon and might have caused the jurors to question Dix's credibility.

Even if counsel's failure to discover Dix's prior juvenile adjudication was deficient performance, Davis cannot show that he was prejudiced. Dix's credibility was fully exposed to the jury because they knew that Dix had pleaded guilty and that Dix was hoping to receive a youthful offender sentence so he could avoid a sentence of life imprisonment. The respondent aptly summarizes the lack of prejudice (Doc. 51 at 9):

> The jury accepted the testimony of more than one state witness (including Mr. Dix) who either had or would receive favorable sentencing in adult felony cases in exchange for testimony against the defendants. Given this fact, knowledge that Mr. Dix had additional juvenile adjudications was highly unlikely to change the outcome of Davis's trial. He therefore fails to establish any prejudice from trial counsel's alleged deficient performance.

Because he fails to show both deficient performance and prejudice as required under *Strickland*, Davis is entitled to no relief.

## VI. PENDING MOTIONS

Davis moves (Doc. 53) a second time for leave to amend. As discussed above in the introduction, Davis withdrew the habitual offender issue as a claim separate from the "global resolution." The pending motion seeks to reverse that earlier decision. Davis moves to appoint counsel, for discovery, and to decide his action. (Docs. 54–57) Having reviewed the record and considered the briefs, the motions either lack merit or are otherwise moot.

Accordingly, Davis's amended application for the writ of habeas corpus, as supplemented, (Docs. 11 and 37) is **DENIED**. Davis's motions (Docs. 53–57) are **DENIED**. The clerk must enter a judgment against Davis and close this case.

## DENIAL OF BOTH A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Davis is not entitled to a certificate of appealability ("COA"). A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his application. 28 U.S.C. § 2253(c)(1). Rather, a district court must first

issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a COA, Davis must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because he fails to show that reasonable jurists would debate either the merits of the claims or the procedural issues, Davis is entitled to neither a COA nor leave to appeal *in forma pauperis*.

Accordingly, a certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. Davis must obtain permission from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on March 30, 2018.

*[signature]*
_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE