UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TREVOR J. DAVIS,

    Petitioner,

v.                                        CASE NO. 8:12-cv-1633-T-23AEP

SECRETARY, Department of Corrections,

    Respondent.
_____/

## **O R D E R**

Davis applied under 28 U.S.C. § 2254 for the writ of habeas corpus. Because the judgment was entered on March 30, 2018 (Doc. 59), the deadline for appealing expired on April 30, 2018.* Davis filed no timely appeal. Davis files a paper entitled "Motion for Relief from Judgment" (Doc. 60), in which he moves for leave to file a belated appeal. An earlier order directs Davis to supplement his paper.

As discussed in the earlier order (Doc. 63), Davis's last change of address (before his application was denied) represents that he was imprisoned in the Okaloosa Correctional Institution. Davis discloses that on December 8, 2017, he was transferred to the Hillsborough County jail, which is where he was confined when the judgment was entered on March 30, 2018. Davis had filed no change of

---

    * Because the thirtieth day was a Sunday, under Rule 6(a)(1)(C), Federal Rules of Civil procedure, the deadline is extended to "the next day that is not a Saturday, Sunday, or legal holiday." April 30, 2018, was the next Monday.

address alerting the clerk about his transfers to or from the county jail. Nonetheless, Davis admits that he received the judgment while he was in the county jail, but because he fails to disclose the date that he received the judgment, Davis was ordered "to explain how and when he received the" order and judgment that denies his application. (Doc. 63 at 2)

In response Davis represents (1) that he received the dispositive order on April 5, 2018, approximately a week after it was issued, (2) that he "did not have any access to envelopes, paper, rules, or law in order to file a response, notice of appeal, etc." (Doc. 64 at 1, ¶5), (3) that "[w]hile in the county jail [he] did not have access to this Court" (Doc. 64 at 2, ¶7), and (4) that he returned to his assigned prison on October 18, 2018. Davis again asks for leave to file a belated appeal.

Rule 4(a)(6), Federal Rules of Appellate Procedure, allows a court to re-open the time to appeal for fourteen days, "but only if" the appellant meets three requirements:

> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

Davis fails to meet the first two requirements. First, Davis admits that he received the dispositive order and judgment a week after issuance. Consequently, he fails to

meet the first requirement because he received the papers "within 21 days after entry." Second, because the judgment and order were entered on March 30, 2018, the 180-day deadline for the second requirement was September 26, 2018. Under the "mailbox rule," as established in *Houston v. Lack*, 487 U.S. 266, 276 (1988), Davis's request for a belated appeal is construed as filed — as indicated by a stamp on the backside of the mailing envelope — on October 23, 2018, the date Davis delivered the paper to prison officials for mailing. The paper was filed twenty-seven days past the 180-day deadline. As a consequence, Davis is not eligible for re-opening the time to appeal under Rule 4(a)(6).

Affording his paper a generous interpretation, Davis appears to argue entitlement to equitable tolling both because he allegedly had no access to his legal papers, rules of court, or envelopes while in the county jail and because he filed the present request for a belated appeal less than a week after his return to his assigned prison. The district court can neither extend the 180-day deadline nor afford Davis equitable tolling. In *Bowles v. Russell*, 551 U.S. 205, 207 (2007), the district court had granted a motion to re-open the time to appeal under Rule 4(a)(6), "[b]ut rather than extending the time period by 14 days, as Rule 4(a)(6) and [28 U.S.C.] § 2107(c) allow, the district court inexplicably gave Bowles 17 days . . . to file his notice of appeal." Even though Bowles appealed before the district court's seventeen-day deadline, appellate jurisdiction was lacking because the appeal was filed after the statutory fourteen-day deadline.

The deadline for appealing is "mandatory and jurisdictional." *Browder v. Dir., Dep't of Corr. Of Illinois*, 434 U.S. 257, 264 (1978). Because the deadline is jurisdictional, no authority exists either to extend the deadline beyond that established by statute or to create an equitable exception, such as equitable tolling. *Bowles*, 551 U.S. at 214–15, explains:

> [T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement [and] this Court has no authority to create equitable exceptions to jurisdictional requirements.
>
> . . . .
>
> If rigorous rules like the one applied today are thought to be inequitable, Congress may authorize courts to promulgate rules that excuse compliance with the statutory time limits. [F]or the reasons discussed above we lack present authority to make the exception petitioner seeks.

Accordingly, Davis's motions (Docs. 60 and 64), construed as moving under Rule 4(a)(6), Federal Rules of Appellate Procedure, to re-open the time to appeal, are **DENIED**.

ORDERED in Tampa, Florida, on November 27, 2018.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE